**DAVIS v. DAVIS.**

**No. 2077.**

Court of Civil Appeals of Texas. Beaumont.
June 11, 1931.

Rehearing Denied July 1, 1931.

O. M. Lord and D. E. O'Fiel, both of Beaumont, for appellant.

W. B. West and C. W. Wiedemann, both of Beaumont, for appellee.

WALKER, J.

This was an action for divorce by appellee against appellant, praying for the dissolution of a common-law marriage and for partition of certain property alleged to be the community property of the marriage. The answer was by general and special demurrers and general denial. The trial was to the court without a jury, with judgment granting appellee divorce, as prayed for, and partitioning the property, as prayed for. The appeal is by appellant against that judgment. No issue is before us as to the property, that is, if the divorce was properly granted the judgment of partition was correct.

■ Appellant insists that the petition was subject to general demurrer on two grounds: First, no common-law marriage was alleged; second, no ground for divorce was alleged. These contentions are without merit. The marriage was alleged as follows:

"Plaintiff has been an actual bona fide inhabitant of the State of Texas continuously for a period of more than twelve months next preceding the filing of this petition, and has resided in the said county of Jefferson continuously for a period of more than six months next preceding the filing of this petition that on said day and date of April 23, 1923 defendant obtained a divorce from plaintiff in Jefferson County, Texas, and plaintiff and defendant thereafter lived separate and apart for about two months at which time defendant came to plaintiff and told her that he wanted her to come and live with him again as his wife; that they could live together as husband and wife without the necessity of obtaining a marriage license and going through a marriage ceremony. Plaintiff then and there consented to so live with the defendant and did again take up her abode with defendant and they lived together in the same house, occupying the same room, and the same bed, as husband and wife, and representing to their friends and neighbors and to the world that they were husband and wife, and that such actions upon the part of the defendant constituted a common law marriage and that both plaintiff and defendant recognized that common law marriage as being binding upon each.

"3. Plaintiff further presents that said marriage relation between plaintiff and defendant began on or about June 23, 1923 and continued without any interruption until on or about January 18, 1930, defendant at all times during the said period represented to plaintiff that they were legally husband and wife."

Appellant's proposition is that to plead a common-law marriage: "It's necessary that the pleadings show that the parties were competent to enter into the marital status, that they agreed to do so, that they lived and cohabited together as husband and wife and that they held themselves out to the world as husband and wife." The allegations of the petition, as copied above, contain all the essential elements of a common-law marriage contract.

■ The second contention is that the trial court erred in finding that appellee was an actual bona fide inhabitant of Jefferson county, Tex., for the six months immediately preceding the institution of this suit. This finding has support. Thus appellee testified: "When Mr. Davis put me out of my home in January 1930 I went over in Orange County for a few days. I stayed over there for —let me see—two weeks. I was over in Orange County for two weeks. I did not go over there to live permanently; I only went over there to stay temporarily. I went over there for those few days because I didn't have any other place to go and it was cold and my child was freezing. I had no other place to go. I only stayed over there two weeks." With the exception of the two weeks appellee spent in Orange county, the issue was raised that the rest of the time for many years prior to the filing of this suit was spent in Jefferson county.

The third contention is that on the undisputed evidence appellee failed to establish a common-law marriage, and again that the great preponderance and weight of the testimony was against the finding on the issue of marriage. Both these contentions are denied. Every essential element of a common-law marriage was proven, not only to the satisfaction of the trial court, but also to the entire satisfaction of this court. It would serve no useful purpose to quote from the testimony of the witnesses on this issue, but we will say, in our judgment, it was of such a nature as to compel the finding of the marriage contract.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.